IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| RODERICK SNELL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NATIONAL RAILROAD PASSENGER ) <br> CORPORATION, NORFOLK ) <br> SOUTHERN RAILWAY COPORATION, ) <br> AND BOBBY EARL TORRENCE ) <br> ) <br> Defendants. ) <br> ) | **COMPLAINT** <br> *(Jury Trial Requested)* |

**NOW COMES,** through undersigned counsel, Plaintiff Roderick Snell, who files the following Complaint for Damages against Defendants National Railroad Passenger Corporation, Norfolk Southern Corporation, and Bobby Earl Torrence, and shows the Court as follows:

I.

Plaintiff Roderick Snell is a person of the full age of majority and a resident of the County of Mercer, State of New Jersey.

II.

Said Defendants herein are:

1) National Railroad Passenger Corporation ("Amtrak"), a corporation organized and existing by virtue of an Act of Congress and authorized to and doing business in the State of South Carolina as an interstate carrier and engaged in interstate transportation, operating an interstate system of railroads in and through various states including the State of South Carolina.

1

2) Defendant Norfolk Southern Railway Corporation (hereinafter "Norfolk Southern"), a corporation duly organized and existing under the laws of the State of Virginia, with railroad tracks and facilities located in and doing business throughout the State of South Carolina including, but not limited to the County of Spartanburg, where Plaintiff suffered the injuries for which damages are sought in the captioned proceedings;

3) Bobby Earl Torrence, a person of the full age of majority and resident of the City of Spartanburg, County of Spartanburg, State of South Carolina; and

### III.

At all times relevant hereto, Defendant Amtrak is and was doing business and conducting rail operations and has and had places of business in and through several states including rail operations and places of business within the County of Spartanburg, State of South Carolina, where this action is filed.

### IV.

At all times relevant hereto, Defendant Norfolk Southern is and was doing business and conducting rail operations and has and had places of business in and through several states including rail operations and places of business within the County of Spartanburg, State of South Carolina, where this action is filed.

### V.

At all times pertinent hereto, Defendant Amtrak is and was an interstate carrier by rail and was engaged in interstate transportation and commerce.

**VI.**

Jurisdiction is proper in this Honorable Court because this is a civil case in which the matter in controversy is within the Court's jurisdictional limits.

**VII.**

Venue is proper in this Honorable Court as the events giving rise to the damages claimed by Plaintiff in the captioned proceedings occurred within the County of Spartanburg, State of South Carolina.

**VIII.**

On or about December 31, 2019, Plaintiff Roderick Snell was a ticketed passenger aboard Amtrak Train 20, also known as "The Crescent," which was in route from Atlanta, Georgia to Trenton, New Jersey. As the Amtrak train on which Plaintiff was a passenger was traveling east over the crossing owned, maintained, and/or under the care, custody, and/or control of Amtrak and/or Norfolk Southern at West Cleveland Street, within the County of Spartanburg, State of South Carolina, a motor vehicle owned and/or operated by Defendant Bobby Earl Torrence was positioned on the tracks directly in the path of the train. As the train approached, the motor vehicle was still present on the tracks at the crossing, and a violent collision ensued. As a result of the collision, suddenly and without warning, Plaintiff was thrown violently forward in his seat and into and under the seat in front of him and suffered severe bodily injuries.

**IX.**

At the time and place of the subject incident, Amtrak and/or Norfolk Southern owned, controlled, operated and/or maintained the railroad tracks, roadbed, and signal system in the area of the subject crossing.

**X.**

Plaintiff suffered injuries as a result of Defendants' negligence, jointly and/or severally.

**XI.**

Plaintiff is free of fault and did not contribute in any manner whatsoever to the occurrence of this accident or his related injuries or damages.

**XII.**

The subject collision caused Plaintiff Roderick Snell to suffer severe injuries to his lower back and neck, *inter alia,* for which he has undergone substantial medical evaluation and treatment.

**COUNT I – CLAIMS AGAINST AMTRAK**

**XIII.**

Plaintiff incorporates herein, all allegations set forth above.

**XIV.**

The injuries and damages sustained by Plaintiff on December 31, 2019 were caused by the negligence of Defendant Amtrak, its agents, servants or employees acting in the course and the scope of their employment in that:

1. Defendant Amtrak failed to provide a safe crossing;

2. Defendant Amtrak failed to control obstructions to the view of the motoring public due to vegetation and trees along the track;

3. Defendant Amtrak failed to control obstructions to the view of the train crew due to vegetation and trees along the track;

4. Defendant Amtrak failed to install properly placed railroad cross buck signs, stop signs, and/or advance warning signs;

5.  Defendant Amtrak failed to maintain smooth and level crossing surfaces for vehicles to traverse so a motorist could watch for oncoming trains without having to be on the lookout for road defects or otherwise experience difficulties traversing the crossing;

6.  Defendant Amtrak failed to properly warn Plaintiff of the dangers presented as a passenger aboard the train;

7.  Defendant Amtrak failed to warn Plaintiff of an impending collision;

8.  Defendant Amtrak failed to operate its train in a reasonably safe manner;

9.  Defendant Amtrak failed to avoid creating and/or permitting the dangers and hazards to exist in the train's path; and

10. Any and all other acts of negligence which may be shown at trial on the merits of this matter.

## COUNT II – CLAIMS AGAINST NORFOLK SOUTHERN

### XV.

Plaintiff incorporates herein all allegations set forth below.

### XVI.

In the alternative, the injuries and damages sustained by Plaintiff on December 31, 2019, were caused by the negligence of Defendant Norfolk Southern, its agents, servants or employees acting in the course and the scope of their employment in that:

1.  Defendant Norfolk Southern failed to provide a safe crossing;

2.  Defendant Norfolk Southern failed to control obstructions to the view of the motoring public due to vegetation and trees along the track;

3. Defendant Norfolk Southern failed to control obstructions to the view of the train crew due to vegetation and trees along the track;

4. Defendant Norfolk Southern failed to install properly placed railroad cross buck signs, stop signs, and/or advance warning signs;

5. Defendant Norfolk Southern failed to maintain smooth and level crossing surfaces for vehicles to traverse so a motorist could watch for oncoming trains without having to be on the lookout for road defects or otherwise experience difficulties traversing the crossing;

6. Defendant Norfolk Southern failed to properly warn Plaintiff of the dangers presented by being a passenger aboard a train being operated on tracks owned and/or within the care, custody, and control of Norfolk Southern;

7. Defendant Norfolk Southern failed to avoid creating and/or permitting the dangers and hazards to exist in the train's path; and

8. Any and all other acts of negligence which may be shown at trial on the merits of this matter.

## COUNT III – CLAIMS AGAINST BOBBY EARL TORRENCE

### XVII.

Plaintiff incorporates herein all allegations as set forth below.

### XVIII.

In the further alternative, Plaintiff avers that the injuries and damages sustained by him on December 31, 2019, were caused by the negligence, recklessness, and/or carelessness of Defendant Bobby Earl Torrence by way of the following non-exclusive list of particulars, to wit:

1. Failure to see what should have been seen;

2. Failure to yield the right of way to the approaching train;

3. Failure to refrain from placing a vehicle upon the tracks when it was unsafe to do so in advance of an approaching train;

4. Failure to avoid attempting to cross the tracks when it was unsafe to do so in advance of an approaching train;

5. Failure to avoid blocking the tracks with a portion of a motor vehicle in advance of an approaching train;

6. Failure to have removed the motor vehicle from the tracks to provide a safe, clear passage for the approaching train;

7. Failure to be attentive of traffic conditions around him;

8. Failure to give a reasonable warning to the approaching train;

9. Failure to follow applicable federal, state, and/or local rules and regulations; and

10. Failure to observe ordinary care and caution commensurate with the surrounding circumstances.

11. Any and all other acts of negligence which may be shown at trial on the merits of this matter.

## DAMAGES

### XIX.

As a direct and proximate result of the above-described occurrence, Plaintiff has and may in the future suffer physical pain and mental anguish, for which he has and may in the future incur costs for medical care and treatment and has and may in the future suffer a loss of earnings.

### **XX.**

Plaintiff avers that, at the time of the accident and concomitant injuries, he was an able-bodied person and demands full recovery for all sums reasonable in the premises for the following items:

1. Physical pain and suffering, past and future;
2. Mental anguish, past and future;
3. Lost wages, loss of earning capacity, and/or loss of fringe benefits, past and future;
4. Loss of enjoyment of life, past and future; and
5. Medical expenses, past and future.

## XXI.

Plaintiff demands a trial by jury for all issues triable as of right.

WHEREFORE, Plaintiff prays for judgment against Defendants for actual damages, together with punitive damages in an appropriate amount, for the costs of this action, and for such other and further relief as the Court may deem just and proper.

***Signature Page to Follow***

*RESPECTFULLY SUBMITTED,*

**PETERS, MURDAUGH, PARKER, ELTZROTH, DETRICK**

**s/Randolph Murdaugh, IV**
**RANDOLPH MURDAUGH, IV, ESQ.**
**CHELCI S. AVANT, ESQ.**
101 Mulberry Street East
P.O. Box 457
Hampton, South Carolina 29924
Telephone: (803) 943-2111
Facsimile: (803) 914-2014
Email: rmurdaugh@pmped.com
Email: cavant@pmped.com

**And**
**C. PERRIN ROME, III**
**W. CHAD STELLY**
ROME, ARATA, BAXLEY & STELLY, L.L.C.
650 Poydras Street, Suite 2017
New Orleans, LA 70130
Telephone: (504) 522-9980
Facsimile: (504) 522-9971
Email:  prome@romearata.com
             wcstelly@romearata.com

*Attorneys for Plaintiff,*
*Roderick Snell*